UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KEVIN MADDEN,

                     *Plaintiff,*

          -against-

UNIQUE VACATIONS, INC., SANDALS RESORTS
INTERNATIONAL, LTD. and BEACHES TURKS
& CAICOS,

                     *Defendants.*
-------------------------------------------------------------------X

Civil Action No.

## COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiff, KEVIN MADDEN, by his attorneys, HARRIS LAW, complaining of

defendant, UNIQUE VACATIONS, INC., SANDALS RESORTS INTERNATIONAL, LTD.

and BEACHES TURKS & CAICOS, upon information and belief respectfully alleges as follows:

## PARTIES

1.     Plaintiff, KEVIN MADDEN, is a United States citizen and resides at 32 Vail

Street, County of Suffolk, State of New York, within the Eastern District of New York.

2.     Defendant, UNIQUE VACATIONS, INC., was and still is a domestic business

corporation, duly organized and existing under and by virtue of the laws of the State of New

York, and maintains its principal place of business at 4950 SW 72 Avenue, Miami, Florida

33155.

3.     Defendant, UNIQUE VACATIONS, INC., was and still is a foreign business

corporation, duly organized and existing under and by virtue of the laws of the State of New

York, and maintains its principal place of business at 4950 SW 72 Avenue, Miami, Florida 33155.

4.      Defendant, UNIQUE VACATIONS, INC., owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning the water park at Caribbean Village at Beaches Turks & Caicos located in Providenciales, Turks & Caicos  (herein after referred to as "The Location").

5.      Defendant, SANDALS RESORTS INTERNATIONAL, LTD., was and still is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business in Montego Bay, Jamaica.

6.      Defendant, SANDALS RESORTS INTERNATIONAL, LTD., was and still is a foreign business corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business in Montego Bay, Jamaica.

7.      Defendant, SANDALS RESORTS INTERNATIONAL, LTD., owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning the water park at Caribbean Village at Beaches Turks & Caicos located in Providenciales, Turks & Caicos  (herein after referred to as "The Location").

8.      Defendant, BEACHES TURKS & CAICOS, was and still is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business in Providenciales, Turks & Caicos .

9.      Defendant, BEACHES TURKS & CAICOS, was and still is a foreign business corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business in Providenciales, Turks & Caicos.

10.     Defendant, BEACHES TURKS & CAICOS, owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning the water park at Caribbean Village at Beaches Turks & Caicos located in Providenciales, Turks & Caicos  (herein after referred to as "The Location").


**JURISDICTION AND VENUE**

11.     Pursuant to 28 U.S.C. § 1332, this court has jurisdiction over this action because the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

12.     Pursuant to 28 U.S.C. § 1391 (d), venue is proper in this district in that, as a foreign entity, Defendant may be sued in any district and Plaintiff is a resident of this district.


**RELEVANT FACTS**

13.     Plaintiff, KEVIN MADDEN, repeats and re-alleges each and every allegation set forth in paragraphs 1 to 12 with the same force and effect as if more fully set forth at length herein.

14.     Defendant, UNIQUE VACATIONS, INC., owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning the vacation resort known as Beaches Turks & Caicos located in Providenciales, Turks & Caicos.

15.     Defendant, UNIQUE VACATIONS, INC., owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning

the water park located in Caribbean Village at the vacation resort known as Beaches Turks & Caicos located in Providenciales, Turks & Caicos.

16.    Defendant, SANDALS RESORTS INTERNATIONAL, LTD., owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning the vacation resort known as Beaches Turks & Caicos located in Providenciales, Turks & Caicos.

17.    Defendant, SANDALS RESORTS INTERNATIONAL, LTD., owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning the water park located in Caribbean Village at the vacation resort known as Beaches Turks & Caicos located in Providenciales, Turks & Caicos.

18.    Defendant, BEACHES TURKS & CAICOS, owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning the vacation resort known as Beaches Turks & Caicos located in Providenciales, Turks & Caicos.

19.    Defendant, BEACHES TURKS & CAICOS, owned, operated, leased, controlled, supervised, managed, maintained, assumed the duty of repair and assumed the duty of cleaning the water park located in Caribbean Village at the vacation resort known as Beaches Turks & Caicos located in Providenciales, Turks & Caicos.

20.    That at all times herein mentioned, plaintiff, KEVIN MADDEN, was a lawful patron in lawful use of "The Location".

21.    That on or about the 8th day of August, 2019, while plaintiff, KEVIN MADDEN, was lawfully and properly at "The Location", he was caused to trip and fall and to sustain severe, serious and, upon information and belief, permanent injuries.

<u>COUNT I</u>

22.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 21 with the same force and effect as if more fully set forth at length herein.

23.     That at all relevant times mentioned herein it was the duty of the defendant, UNIQUE VACATIONS, INC., its agents, servants and/or employees at all times to own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location"; to keep "The Location" in a safe and secure condition, free from garbage, debris, wet substances, slippery substances, decay, disrepair, design defects, structural defects, maintenance and/or repair defects, tripping hazards, stumbling hazards and/or other hazardous and dangerous conditions; to keep "The Location" in a proper and reasonable state of operation, management, supervision, monitoring, control, maintenance, cleanliness and/or repair; to properly and adequately inspect, manage, monitor, supervise and/or control the cleaning, maintenance and/or repair of "The Location"; to perform the operation, management, supervision, control, inspection, cleaning, maintenance and/or repair of "The Location" in a careful and prudent manner; and/or to hire and retain skilled and competent personnel to perform said operation, management, supervision, control, inspection, cleaning, maintenance and/or repairs of "The Location".

24.     That the defendant, UNIQUE VACATIONS, INC., its agents, servants and/or employees, undertook and agreed to own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location"; to keep "The Location" in good condition, reasonably safe and secure, free from garbage, debris, wet substances, slippery

substances, decay, disrepair, design defects, structural defects, maintenance and/or repair defects, tripping hazards, stumbling hazards and/or other hazardous and dangerous conditions.

25.     That  the defendant, UNIQUE VACATIONS, INC., its agents, servants or employees, disregarded their duty to properly own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location", and carelessly, recklessly and negligently permitted "The Location" to remain in an unsafe, defective, un-leveled, hazardous and/or dangerous condition; carelessly, recklessly and negligently failed to operate, manage, monitor, supervise, inspect, maintain and/or repair "The Location"; failed to keep "The Location" free from defects, tripping hazards and/or stumbling hazards; and, carelessly, recklessly and negligently permitted "The Location" to fall into disrepair and to remain in a hazardous and dangerous condition for a long period of time.

26.     That  the negligent act of defendant, UNIQUE VACATIONS, INC., its agents, servants and/or employees consisted of, among other things, carelessly, recklessly and negligently operating, managing, leasing; maintaining, inspecting, repairing, supervising, controlling and/or cleaning "The Location"; in causing, allowing and permitting  dangerous  and defective conditions to exist at "The Location"; in failing to repair, maintain and/or clean the dangerous and defective conditions at "The Location"; in failing to give the general public and more particularly the plaintiff herein, any warning or notice of the dangerous and defective conditions existing at "The Location"; in failing to erect barricades and/or warning signs to warn the general public and more particularly the plaintiff herein, of the dangerous and defective conditions then and there existing at "The Location"; in failing to make proper and adequate

inspections of "The Location"; and in otherwise being careless, reckless and negligent in the ownership, operation, maintenance, repair, supervision, control and/or control of "The Location".

27.     That on or about the 8th day of August, 2019, and for a long period of time prior thereto, the defendant, UNIQUE VACATIONS, INC., its agents, servants and/or employees, permitted "The Location", to have design defects, structural defects, construction defects, , tripping hazards, stumbling hazards, maintenance, cleaning, and/or repair defects and/or fall into disrepair and/or decay, thus creating a hazardous and dangerous condition for the visitors lawfully utilizing "The Location".

28.     That on or about the 8th day of August, 2019, the defendant, UNIQUE VACATIONS, INC., its agents, servants and/or employees, negligently repaired, maintained, constructed and/or cleaned "The Location", thus causing and creating an unsafe, defective, hazardous and/or dangerous condition.

29.     That the aforementioned unsafe, defective, uneven, hazardous and/or dangerous condition constituted a nuisance, and that same had existed for a long time prior to the time of the accident, and that the defendant, UNIQUE VACATIONS, INC., its agents, servants and/or employees, in the exercise of reasonable care and prudence knew or should have known of said uneven condition.

30.     That on or about the 8th day of August, 2019, while the plaintiff, KEVIN MADDEN, was utilizing "The Location", he was caused trip and fall and be injured due to the unsafe, defective, hazardous, wet and/or dangerous conditions at "The Location", thus sustaining the serious and severe permanent personal injuries hereinafter alleged.

31.     That at all relevant times mentioned herein and upon information and belief, the aforesaid occurrence and the injuries resulting therefrom, were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant, UNIQUE VACATIONS, INC., its agents, servants and/or employees, and without any negligence or culpable conduct on the part of the plaintiff contributing thereto.

32.     That solely by reason of the foregoing, the plaintiff, KEVIN MADDEN, became and was rendered sick, sore, lame and disabled along with severe emotional and psychological injuries; received severe, serious and permanent injuries to his head, body and limbs; experienced great pain and suffering and continues to suffer from said injuries; and the plaintiff has been informed and believes said injuries to be of a permanent nature; and said plaintiff was, is and will be incapacitated for a long period of time and the plaintiff was compelled to and did seek medical aid, attention and treatment and will in the future require further medical aid, attention and treatment; and the plaintiff was obliged to and did expend large sums of money for medical attention and will in the future be required to expend additional sums of money for the treatment of said injuries; the plaintiff was and will continue to be incapacitated from his usual duties, functions and general activities and chores; and otherwise did sustain a loss of diverse sums of money.

33.     That the aforesaid occurrence and the injuries resulting therefrom were caused wholly and solely by reason of the negligence of the defendant, UNIQUE VACATIONS, INC., their agents, servants and employees without any negligence on the part of plaintiff contributing thereto.

34.     That by the aforesaid occurrence and the injuries resulting therefrom, plaintiff,

KEVIN MADDEN, has suffered economic damages, including but not limited to the loss of

earnings, loss of earning capacity and has expended and incurred diverse sums of money in an

effort to treat and cure himself of said injuries and will, upon information and belief, expend

further sums in that direction and the said plaintiff has been otherwise damaged in the amount of

Three Million Dollars ($3,000,000.00).


## COUNT II


35.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to

34 with the same force and effect as if more fully set forth at length herein.

36.     That at all relevant times mentioned herein it was the duty of the defendant,

SANDALS RESORTS INTERNATIONAL, LTD., its agents, servants and/or employees at all

times to own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean,

inspect and/or repair "The Location"; to keep "The Location" in a safe and secure condition, free

from garbage, debris, wet substances, slippery substances, decay, disrepair, design defects,

structural defects, maintenance and/or repair defects, tripping hazards, stumbling hazards and/or

other hazardous and dangerous conditions; to keep "The Location" in a proper and reasonable

state of operation, management, supervision, monitoring, control, maintenance, cleanliness

and/or repair; to properly and adequately inspect, manage, monitor, supervise and/or control the

cleaning, maintenance and/or repair of "The Location"; to perform the operation, management,

supervision, control, inspection, cleaning, maintenance and/or repair of "The Location" in a

careful and prudent manner; and/or to hire and retain skilled and competent personnel to perform

said operation, management, supervision, control, inspection, cleaning, maintenance and/or repairs of "The Location".

37.     That the defendant, SANDALS RESORTS INTERNATIONAL, LTD., its agents, servants and/or employees, undertook and agreed to own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location"; to keep "The Location" in good condition, reasonably safe and secure, free from garbage, debris, wet substances, slippery substances, decay, disrepair, design defects, structural defects, maintenance and/or repair defects, tripping hazards, stumbling hazards and/or other hazardous and dangerous conditions.

38.     That the defendant, SANDALS RESORTS INTERNATIONAL, LTD., its agents, servants or employees, disregarded their duty to properly own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location", and carelessly, recklessly and negligently permitted "The Location" to remain in an unsafe, defective, un-leveled, hazardous and/or dangerous condition; carelessly, recklessly and negligently failed to operate, manage, monitor, supervise, inspect, maintain and/or repair "The Location"; failed to keep "The Location" free from defects, tripping hazards and/or stumbling hazards; and, carelessly, recklessly and negligently permitted "The Location" to fall into disrepair and to remain in a hazardous and dangerous condition for a long period of time.

39.     That the negligent act of defendant SANDALS RESORTS INTERNATIONAL, LTD., its agents, servants and/or employees consisted of, among other things, carelessly, recklessly and negligently operating, managing, leasing; maintaining, inspecting, repairing, supervising, controlling and/or cleaning "The Location"; in causing, allowing and permitting

dangerous and defective conditions to exist at "The Location"; in failing to repair, maintain and/or clean the dangerous and defective conditions at "The Location"; in failing to give the general public and more particularly the plaintiff herein, any warning or notice of the dangerous and defective conditions existing at "The Location"; in failing to erect barricades and/or warning signs to warn the general public and more particularly the plaintiff herein, of the dangerous and defective conditions then and there existing at "The Location"; in failing to make proper and adequate inspections of "The Location"; and in otherwise being careless, reckless and negligent in the ownership, operation, maintenance, repair, supervision, control and/or control of "The Location".

40.     That on or about the 8th day of August, 2019, and for a long period of time prior thereto, the defendant, SANDALS RESORTS INTERNATIONAL, LTD., its agents, servants and/or employees, permitted "The Location", to have design defects, structural defects, construction defects, , tripping hazards, stumbling hazards, maintenance, cleaning, and/or repair defects and/or fall into disrepair and/or decay, thus creating a hazardous and dangerous condition for the visitors lawfully utilizing "The Location".

41.     That on or about the 8th day of August, 2019, the defendant, SANDALS RESORTS INTERNATIONAL, LTD., its agents, servants and/or employees, negligently repaired, maintained, constructed and/or cleaned "The Location", thus causing and creating an unsafe, defective, hazardous and/or dangerous condition.

42.     That the aforementioned unsafe, defective, uneven, hazardous and/or dangerous condition constituted a nuisance, and that same had existed for a long time prior to the time of the accident, and that the defendant, SANDALS RESORTS INTERNATIONAL, LTD., its

agents, servants and/or employees, in the exercise of reasonable care and prudence knew or should have known of said uneven condition.

43.     That on or about the 8th day of August, 2019, while the plaintiff, KEVIN MADDEN, was utilizing "The Location", he was caused trip and fall and be injured due to the unsafe, defective, hazardous, wet and/or dangerous conditions at "The Location", thus sustaining the serious and severe permanent personal injuries hereinafter alleged.

44.     That at all relevant times mentioned herein and upon information and belief, the aforesaid occurrence and the injuries resulting therefrom, were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant, SANDALS RESORTS INTERNATIONAL, LTD., its agents, servants and/or employees, and without any negligence or culpable conduct on the part of the plaintiff contributing thereto.

45.     That solely by reason of the foregoing, the plaintiff, KEVIN MADDEN, became and was rendered sick, sore, lame and disabled along with severe emotional and psychological injuries; received severe, serious and permanent injuries to his head, body and limbs; experienced great pain and suffering and continues to suffer from said injuries; and the plaintiff has been informed and believes said injuries to be of a permanent nature; and said plaintiff was, is and will be incapacitated for a long period of time and the plaintiff was compelled to and did seek medical aid, attention and treatment and will in the future require further medical aid, attention and treatment; and the plaintiff was obliged to and did expend large sums of money for medical attention and will in the future be required to expend additional sums of money for the treatment of said injuries; the plaintiff was and will continue to be incapacitated from his usual

duties, functions and general activities and chores; and otherwise did sustain a loss of diverse sums of money.

46.     That the aforesaid occurrence and the injuries resulting therefrom were caused wholly and solely by reason of the negligence of the defendant, SANDALS RESORTS INTERNATIONAL, LTD., their agents, servants and employees without any negligence on the part of plaintiff contributing thereto.

47.     That by the aforesaid occurrence and the injuries resulting therefrom, plaintiff, KEVIN MADDEN, has suffered economic damages, including but not limited to the loss of earnings, loss of earning capacity and has expended and incurred diverse sums of money in an effort to treat and cure himself of said injuries and will, upon information and belief, expend further sums in that direction and the said plaintiff has been otherwise damaged in the amount of Three Million Dollars ($3,000,000.00).

## COUNT III

48.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 47 with the same force and effect as if more fully set forth at length herein.

49.     That at all relevant times mentioned herein it was the duty of the defendant, BEACHES TURKS & CAICOS, its agents, servants and/or employees at all times to own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location"; to keep "The Location" in a safe and secure condition, free from garbage, debris, wet substances, slippery substances, decay, disrepair, design defects, structural defects, maintenance and/or repair defects, tripping hazards, stumbling hazards and/or other hazardous

and dangerous conditions; to keep "The Location" in a proper and reasonable state of operation, management, supervision, monitoring, control, maintenance, cleanliness and/or repair; to properly and adequately inspect, manage, monitor, supervise and/or control the cleaning, maintenance and/or repair of "The Location"; to perform the operation, management, supervision, control, inspection, cleaning, maintenance and/or repair of "The Location" in a careful and prudent manner; and/or to hire and retain skilled and competent personnel to perform said operation, management, supervision, control, inspection, cleaning, maintenance and/or repairs of "The Location".

50.     That the defendant, BEACHES TURKS & CAICOS, its agents, servants and/or employees, undertook and agreed to own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location"; to keep "The Location" in good condition, reasonably safe and secure, free from garbage, debris, wet substances, slippery substances, decay, disrepair, design defects, structural defects, maintenance and/or repair defects, tripping hazards, stumbling hazards and/or other hazardous and dangerous conditions.

51.     That the defendant, BEACHES TURKS & CAICOS, its agents, servants or employees, disregarded their duty to properly own, operate, manage, lease, supervise, monitor, control, construct, maintain, clean, inspect and/or repair "The Location", and carelessly, recklessly and negligently permitted "The Location" to remain in an unsafe, defective, un-leveled, hazardous and/or dangerous condition; carelessly, recklessly and negligently failed to operate, manage, monitor, supervise, inspect, maintain and/or repair "The Location"; failed to keep "The Location" free from defects, tripping hazards and/or stumbling hazards; and,

carelessly, recklessly and negligently permitted "The Location" to fall into disrepair and to remain in a hazardous and dangerous condition for a long period of time.

52.     That  the negligent act of defendant, BEACHES TURKS & CAICOS, its agents, servants and/or employees consisted of, among other things, carelessly, recklessly and negligently operating, managing, leasing; maintaining, inspecting, repairing, supervising, controlling and/or cleaning "The Location"; in causing, allowing and permitting  dangerous  and defective conditions to exist at "The Location"; in failing to repair, maintain and/or clean the dangerous and defective conditions at "The Location"; in failing to give the general public and more particularly the plaintiff herein, any warning or notice of the dangerous and defective conditions existing at "The Location"; in failing to erect barricades and/or warning signs to warn the general public and more particularly the plaintiff herein, of the dangerous and defective conditions then and there existing at "The Location"; in failing to make proper and adequate inspections of "The Location"; and in otherwise being careless, reckless and negligent in the ownership, operation, maintenance, repair, supervision, control and/or control of "The Location".

53.     That on or about the 8th day of August, 2019, and for a long period of time prior thereto, the defendant, BEACHES TURKS & CAICOS, its agents, servants and/or employees, permitted "The Location", to have design defects, structural defects, construction defects, , tripping hazards, stumbling hazards, maintenance, cleaning, and/or repair defects and/or fall into disrepair and/or decay, thus creating a hazardous and dangerous condition for the visitors lawfully utilizing "The Location".

54.     That  on or about the  8th day of August, 2019, the defendant, BEACHES TURKS & CAICOS, its agents, servants and/or employees, negligently repaired, maintained,

constructed and/or cleaned "The Location", thus causing and creating an unsafe, defective, hazardous and/or dangerous condition.

55.     That the aforementioned unsafe, defective, uneven, hazardous and/or dangerous condition constituted a nuisance, and that same had existed for a long time prior to the time of the accident, and that the defendant, BEACHES TURKS & CAICOS, its agents, servants and/or employees, in the exercise of reasonable care and prudence knew or should have known of said uneven condition.

56.     That on or about the 8th day of August, 2019, while the plaintiff, KEVIN MADDEN, was utilizing "The Location", he was caused trip and fall and be injured due to the unsafe, defective, hazardous, wet and/or dangerous conditions at "The Location", thus sustaining the serious and severe permanent personal injuries hereinafter alleged.

57.     That at all relevant times mentioned herein and upon information and belief, the aforesaid occurrence and the injuries resulting therefrom, were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant, BEACHES TURKS & CAICOS, its agents, servants and/or employees, and without any negligence or culpable conduct on the part of the plaintiff contributing thereto.

58.     That solely by reason of the foregoing, the plaintiff, KEVIN MADDEN, became and was rendered sick, sore, lame and disabled along with severe emotional and psychological injuries; received severe, serious and permanent injuries to his head, body and limbs; experienced great pain and suffering and continues to suffer from said injuries; and the plaintiff has been informed and believes said injuries to be of a permanent nature; and said plaintiff was, is and will be incapacitated for a long period of time and the plaintiff was compelled to and did

seek medical aid, attention and treatment and will in the future require further medical aid, attention and treatment; and the plaintiff was obliged to and did expend large sums of money for medical attention and will in the future be required to expend additional sums of money for the treatment of said injuries; the plaintiff was and will continue to be incapacitated from his usual duties, functions and general activities and chores; and otherwise did sustain a loss of diverse sums of money.

59.     That the aforesaid occurrence and the injuries resulting therefrom were caused wholly and solely by reason of the negligence of the defendant, BEACHES TURKS & CAICOS, their agents, servants and employees without any negligence on the part of plaintiff contributing thereto.

60.     That by the aforesaid occurrence and the injuries resulting therefrom, plaintiff, KEVIN MADDEN, has suffered economic damages, including but not limited to the loss of earnings, loss of earning capacity and has expended and incurred diverse sums of money in an effort to treat and cure himself of said injuries and will, upon information and belief, expend further sums in that direction and the said plaintiff has been otherwise damaged in the amount of Three Million Dollars ($3,000,000.00).

## COUNT IV

61.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 60 with the same force and effect as if more fully set forth at length herein.

62.     That by the aforesaid occurrence and the injuries resulting therefrom, defendant, UNIQUE VACATIONS, INC., has caused plaintiff to sustain non-physical and deprecating

injuries that have impacted his feelings, affections, beliefs, honor, decorum, reputation, privacy, image and physical appearance, which have violated and restricted his physical and psychological integrity.

63.     That by the aforesaid occurrence and the injuries resulting therefrom, plaintiff, KEVIN MADDEN, has suffered non-physical damages, including but not limited to mental and emotional injuries, significant diminishing of his social, personal and professional life,  and has expended and incurred diverse sums of money in an effort to treat and cure himself of said injuries and will, upon information and belief, expend further sums in that direction and the said plaintiff has been otherwise damaged in the amount of Three Million Dollars ($3,000,000.00).


## COUNT V

64.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 63 with the same force and effect as if more fully set forth at length herein.

65.     That by the aforesaid occurrence and the injuries resulting therefrom, defendant, SANDALS RESORTS INTERNATIONAL, LTD., has caused plaintiff to sustain non-physical and deprecating injuries that have impacted his feelings, affections, beliefs, honor, decorum, reputation, privacy, image and physical appearance, which have violated and restricted his physical and psychological integrity.

66.     That by the aforesaid occurrence and the injuries resulting therefrom, plaintiff, KEVIN MADDEN, has suffered non-physical damages, including but not limited to mental and emotional injuries, significant diminishing of his social, personal and professional life,  and has expended and incurred diverse sums of money in an effort to treat and cure himself of said

injuries and will, upon information and belief, expend further sums in that direction and the said plaintiff has been otherwise damaged in the amount of Three Million Dollars ($3,000,000.00).

## COUNT VI

67.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 66 with the same force and effect as if more fully set forth at length herein.

68.     That by the aforesaid occurrence and the injuries resulting therefrom, defendant, BEACHES TURKS & CAICOS, has caused plaintiff to sustain non-physical and deprecating injuries that have impacted his feelings, affections, beliefs, honor, decorum, reputation, privacy, image and physical appearance, which have violated and restricted his physical and psychological integrity.

69.     That by the aforesaid occurrence and the injuries resulting therefrom, plaintiff, KEVIN MADDEN, has suffered non-physical damages, including but not limited to mental and emotional injuries, significant diminishing of his social, personal and professional life,  and has expended and incurred diverse sums of money in an effort to treat and cure himself of said injuries and will, upon information and belief, expend further sums in that direction and the said plaintiff has been otherwise damaged in the amount of Three Million Dollars ($3,000,000.00).

## COUNT VII

70.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 69 with the same force and effect as if more fully set forth at length herein.

71.     That as a result of defendant, UNIQUE VACATIONS, INC.'s willful, intentional, wanton and reckless conduct, plaintiff, KEVIN MADDEN, has and continues to suffer severe and permanent physical, mental, and emotional injuries.

72.     That defendant, UNIQUE VACATIONS, INC., was aware of a high probability that its conduct would cause such severe physical, mental, and emotional injuries.

73.     That defendant, UNIQUE VACATIONS, INC., by its willful, intentional, wanton, and reckless conduct are liable to plaintiff, KEVIN MADDEN for the aforesaid occurrence and the injuries resulting therefrom in the amount of Thee Million Dollars ($3,000,000.00).

## COUNT VIII

74.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 73 with the same force and effect as if more fully set forth at length herein.

75.     That as a result of defendant, SANDALS RESORTS INTERNATIONAL, LTD.,'s willful, intentional, wanton and reckless conduct, plaintiff, KEVIN MADDEN, has and continues to suffer severe and permanent physical, mental, and emotional injuries.

76.     That defendant, SANDALS RESORTS INTERNATIONAL, LTD., was aware of a high probability that its conduct would cause such severe physical, mental, and emotional injuries.

77.     That defendant, SANDALS RESORTS INTERNATIONAL, LTD., by its willful, intentional, wanton, and reckless conduct are liable to plaintiff, KEVIN MADDEN for the aforesaid occurrence and the injuries resulting therefrom in the amount of Thee Million Dollars ($3,000,000.00).

## COUNT IX

78.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 77 with the same force and effect as if more fully set forth at length herein.

79.     That as a result of defendant, BEACHES TURKS & CAICOS's willful, intentional, wanton and reckless conduct, plaintiff, KEVIN MADDEN, has and continues to suffer severe and permanent physical, mental, and emotional injuries.

80.     That defendant, BEACHES TURKS & CAICOS, was aware of a high probability that its conduct would cause such severe physical, mental, and emotional injuries.

81.     That defendant, BEACHES TURKS & CAICOS, by its willful, intentional, wanton, and reckless conduct are liable to plaintiff, KEVIN MADDEN for the aforesaid occurrence and the injuries resulting therefrom in the amount of Thee Million Dollars ($3,000,000.00).


**WHEREFORE**, Plaintiff, KEVIN MADDEN, demands judgment against defendant, UNIQUE VACATIONS, INC., herein on all causes of action in the amount of Twenty-Seven Million Dollars ($27,000,000.00), together with the costs and disbursements of this action.


Dated:          New York, New York
                November 11, 2020


STEVEN R. HARRIS, ESQ.
HARRIS LAW
*Attorneys for Plaintiff*
KEVIN MADDEN
110 East 59th Street, Suite 3200

New York, New York 10022
(212) 593-7600


TO:   **UNIQUE VACATIONS, INC.**
4950 SW 72 Avenue
Miami, Florida 33155

**SANDALS RESORTS INTERNATIONAL LTD**
Montego Bay, Jamaica

**BEACHES TURKS & CAICOS**
Providenciales, Turks & Caicos

STATE OF NEW YORK       )

COUNTY OF NEW YORK    )    ss.:

I, the undersigned, an attorney admitted to practice in the court of New York State, state that I am **STEVEN R. HARRIS, ESQ.,** the attorney of record for the plaintiff **KEVIN MADDEN**, in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.    The reason this verification is made by me and not by said plaintiff is because the plaintiff resides in a county other than where your affiant maintains his office.

The grounds of my belief are as follows:    Conversations with the plaintiff, investigations made by me and documentation contained in my files.

Dated: New York, New York
           November 11, 2020

_____
STEVEN R. HARRIS, ESQ.